IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

COURT FILE NO.: _____

H. Leon Wert,
    Plaintiff

v.

Child Support Recoveries, Inc dba Premier Collection Service and Drew Moore, Attorney at Law,
    Defendants

_____

**COMPLAINT AND JURY DEMAND**
_____

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

**PARTIES**

4. Plaintiff, H. Leon Wert ("Plaintiff"), is a natural person who at all relevant

times resided in the State of Colorado, County of Mesa, and City of Grand Junction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendants, Child Support Recoveries, Inc dba Premier Collection Service and Drew Moore, Attorney at Law ("Defendants") are businesses who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purposes of which are the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendants served Plaintiff with an unfiled Complaint and Summons on February 2, 2010.  Plaintiff then paid the entire balance due to the original creditor on

February 4, 2010.  Defendants then filed the Complaint in state court the following day, February 5, 2010.

12. Thereafter, on March 9, 2010, Defendants filed a Motion for Judgment on the Pleadings, a copy of which was not served upon Plaintiff.

13. Defendants were then awarded a judgment solely for attorneys fees and costs against Plaintiff on March 10, 2010.  Defendants then filed a Writ of Continuing Garnishment on March 23, 2010 against Plaintiff.

14. The Defendants conduct, as described, is deceptive, unfair and unconscionable, contains false representations that compensation could be lawfully received by Defendants, and the natural consequence of such conduct has been to harass, oppress and abuse Plaintiff.

15. Defendants' conduct violated the FDCPA in numerous ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 USC § 1692d;

    b) Falsely representing that services were rendered or that compensation maybe lawfully received by Defendants for collection of Plaintiff's debt, in violation of 15 USC § 1692e(2)(B);

    c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, in violation of 15 USC § 1692e(10); and

    d) Using unfair or unconscionable means against Plaintiff in connection

with an attempt to collect a debt, in violation of 15 USC § 1692f.

16. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendants violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**June 22, 2010**              **/s/ Tammy Hussin**
                               **Tammy Hussin**
                               **Weisberg & Meyers LLC**
                               **6408 Merlin Place**
                               **Carlsbad, CA 92011**
                               **303 974 7266 ext. 215 phone**
                               **866 565 1327 facsimile**
                               **thussin@AttorneysForConsumers.com**